### HOFMAN et al. v. KEANE.

(Circuit Court, W. D. Washington. March 3, 1893.)

VENDOR AND VENDEE — CANCELLATION OF SALE AND CONVEYANCE — FRAUDULENT REPRESENTATIONS.

In an action by a vendee against his vendor to cancel a sale and conveyance of 52¼ acres of land, it appeared that the tract was represented on a plat of a government survey as containing this quantity; that plaintiff and defendant inspected the land together, but were unable to locate the boundaries, and neither of them knew the quantity or extent of it; that a portion of the tract had been injured by avulsion; that they then estimated that the tract contained 52 acres, and that 6 acres were practically destroyed, and made a corresponding deduction from the price of the whole tract. It appeared, however, that the land had been so washed away as to leave but 19½ acres of tillable land. *Held*, that as the parties had assumed that there was a deficit of an unknown quantity of tillable land, and agreed upon an abatement of price on that account, the allegations of fraud were not sustained.

In Equity. Bill by Frank C. Hofman and Bertha C. Hofman against Thomas C. Keane to cancel a sale and conveyance of real estate on the ground of fraud on the part of the vendor in misrepresenting the facts as to the quantity of land. Findings and decree for the defendant. Bill dismissed.

Daniel C. Millett and Reynolds & Stewart, for complainants.
Garvey & Smith and Thomas Carroll, for defendant.

HANFORD, District Judge. The complainants charge the defendant with having committed a fraud upon them by falsely representing the tract of land described in their bill of complaint as containing 52.25 acres, when in fact the quantity of land in said tract is but 19.5 acres, and thereby inducing them to purchase said tract for the price of $3,220, and on this ground pray for a rescission of the contract. The answer denies the charge of fraud, and makes an issue as to the quantity of land in the tract. From the evidence I find that upon the plat of the government survey the tract is shown as a lot containing 52.25 acres, situated between the main channel of the Cowlitz river and a branch of said river; the branch being one of the boundaries. Since the government survey was made, the river and said branch have, by avulsion, united in a new channel cut through this tract, dividing it into two parts, and washing away a portion of the soil. The change made by the river has not reduced the area to which the owner has title, but by the washing away of the soil the quantity of tillable land has been diminished so that there remains but $19\frac{1}{2}$ acres of tillable land. Before concluding negotiations for the sale the defendant conducted the plaintiff Frank C. Hofman to the land for the purpose of viewing it. The loss of soil by the action of the river was then noticed by said plaintiff, as well as by the defendant, but neither of them knew the extent of it, or the quantity of land in the tract, and they were not able to locate all of the boundaries. In their calculations the parties estimated the tract as 52 acres, and fixed $70 per acre as the price; and, instead of measuring the ground, they agreed to consider the loss by action of the river as being equal to the price of 6 acres, at said rate. Thus $3,220 became the agreed price for the whole tract. By his deed the defendant conveyed the entire tract to the plaintiffs. The parties having, in making their contract, assumed that there was a deficit of an unknown quantity of tillable land, and agreed upon an abatement of a specified sum from the contract price to make good the loss, I hold that the allegations of fraud are not sustained. The complainants have received all that they can justly claim, although it now appears that the bargain is not so advantageous to them as they supposed it to be at the time of making it. Decree dismissing the bill, with costs.